**Reverse and Remand; Opinion Filed July 9, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00768-CV

### NOBLE ANESTHESIA PARTNERS, PLLC, Appellant
### V.
### U.S. ANESTHESIA PARTNERS, INC., U.S. ANESTHESIA PARTNERS OF TEXAS, P.A., INDIVIDUALLY, AND/OR D/B/A USAP-TEXAS, AND/OR D/B/A VITAL PAIN CARE, U.S.A.P., LLC, PINNACLE ANESTHESIA TEXAS, PLLC, TRINITY ORTHOPEDICS, PLLC, AND LARRY KJELDGAARD, D.O., Appellees

### On Appeal from the 298th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-17-09602

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Noble Anesthesia Partners, PLLC (Noble) sued U.S. Anesthesia Partners, Inc.; U.S. Anesthesia Partners of Texas, P.A., Individually and/or d/b/a USAP-Texas and/or d/b/a Vital Pain Care; U.S.A.P., LLC; and Pinnacle Anesthesia Texas, PLLC (collectively, USAP) as well as Trinity Orthopedics, PLLC and Larry Kjeldgaard, D.O. (collectively, Trinity) for tortious interference with an existing business relationship. USAP and Trinity filed motions to dismiss pursuant to the Texas Citizens Participation Act (the TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Following a hearing, the trial court granted the motions.

In five issues on appeal, Noble asserts the trial court erred by granting the motions to dismiss, awarding attorney's fees to Trinity and USAP, and not awarding attorney's fees to Noble.

We conclude USAP and Trinity failed to establish the TCPA applies to Noble's claim. Accordingly, we reverse the trial court's orders granting Trinity's and USAP's motions to dismiss and awarding attorney's fees to those parties. We remand the case to the trial court for further proceedings.

BACKGROUND

Noble and USAP both provide anesthesia services to physicians. Trinity is a group of orthopedic surgeons; Kjeldgaard is Trinity's head orthopedic surgeon. Noble alleges that in 2014, it began providing anesthesia services to Dr. Scott Gibson,[1] a Trinity employee, and, pursuant to an oral contract, subsequently became Gibson's exclusive anesthesia provider. In March 2016, Trinity approached Noble and proposed Noble could provide anesthesia services to several Trinity surgeons. Kjeldgaard "prefaced the proposal with the statement that Trinity Orthopedics wanted to 'monetize' anesthesia services provided to Trinity Orthopedics." Kjeldgaard allegedly told Noble that "Grapevine Anesthesia, PLLC[2] had offered to provide anesthesia services to Trinity Orthopedics with payments to Trinity Orthopedics on certain high value out-of-network commercial payor cases in exchange for the agreement that Trinity Orthopedics would send all of its remaining cases to one or more of the Defendants." Kjeldgaard's wife advised Noble that if it would match or improve upon the proposal from Grapevine Anesthesia, then Noble would be awarded all anesthesia procedures associated with surgeries conducted by Trinity's physicians.

Noble declined the "improper proposal," which it asserts involves "improper kickbacks, bribes, and/or discounts under the federal anti-kickback statutes," and Trinity awarded its anesthesia services to another provider. However, Gibson continued using Noble pursuant to the parties' oral contract. The petition states that in November 2016, "Dr. Gibson advised Noble that

---

[1] Gibson is not a party to the lawsuit.

[2] Grapevine Anesthesia, PLLC is not a party to the lawsuit.

–2–

Dr. Kjeldgaard demanded that he terminate Noble for anesthesia services and insisted that he instead utilize" USAP. "After Noble complained, it was allowed to continue providing anesthesia services to Dr. Gibson for a short period of time. Within weeks thereafter[,] Dr. Gibson[] capitulated to Dr. Kjeldgaard's demands, and withdrew all anesthesia services from Noble effective as of January 1, 2017." Noble's petition continues: "But for the interference by Dr. Kjeldgaard and the other Defendants [sic] illegal kickback scheme[,] Noble would not have been terminated by Dr. Gibson."

Noble sued Trinity and USAP for tortuously interfering with its existing business relationship, including its oral contract, with Gibson. Trinity filed a motion to dismiss pursuant to the TCPA asserting the lawsuit arises from its protected freedom of association. USAP also filed a motion to dismiss pursuant to the TCPA, stating it joined Trinity's motion. After conducting a hearing, the trial court granted the motions to dismiss. The trial court also awarded attorney's fees and costs to Trinity and USAP. This appeal followed.

LAW & ANALYSIS

Under the TCPA, a party may file a motion to dismiss a legal action that is based on, related to, or in response to the party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. COD ANN. § 27.003(a). Trinity's motion, which USAP joined, asserted Noble's legal action is based on its right of association. The TCPA defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *Id.* § 27.001(2). A "communication" is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018). Initially the moving party must show by a preponderance

–3–

of the evidence that the TCPA applies to the legal action against it, meaning, the legal action is based on the defendant's exercise of rights defined in the TCPA. *See* TEX. CIV. PRAC. & REM. COD ANN. § 27.005(b). If the movant meets its burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id*. § 27.005(c). If the nonmoving party satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *Id*. § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). "In conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based." *Fishman v. C.O.D. Capital Corp*., No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a).

As the movants, Trinity and USAP were required to show by a preponderance of the evidence that the TCPA applies to Noble's legal action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). In its first and third issues, Noble argues, in part, that Trinity and USAP failed to meet their burden to demonstrate by a preponderance of the evidence that Noble's legal action is based on, relates to, or is in response to Trinity's and USAP's exercise of their right of association.

Trinity's motion states Noble's lawsuit is "based on Defendants' decision to associate with a different provider of anesthesia services." Citing Noble's petition, Trinity's motion identifies a single communication supporting its argument that the suit is based on, relates to, or is in response to its right of association: "Plaintiff alleges that Dr. Kjeldgaard—Trinity's manager—asked Dr. Gibson—a Trinity employee—to stop associating with Plaintiff for anesthesia services because

Trinity wanted to pursue a relationship with one of Plaintiff's competitors." Kjeldgaard's alleged oral statement to Gibson is a communication within the definition of section 27.001(1). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1).

However, after identifying a statement, Trinity's motion makes no showing that Kjeldgaard and Gibson were individuals who "join[ed] together to collectively express, promote, pursue, or defend common interests." *See id.* § 27.001(2). Kjeldgaard's affidavit is the only evidence supporting Trinity's motion. The brief affidavit identifies his and Gibson's roles with Trinity and states: "Trinity chose not to work with Noble Anesthesia Partners ("Plaintiff"), and Dr. Gibson stopped using Plaintiff for anesthesia services." This affidavit is no evidence that the sole communication Trinity identifies was made between individuals who "join[ed] together to collectively express, promote, pursue, or defend common interests." *See id.*

Noble's petition also does not allege Gibson and Kjeldgaard joined together to express, promote, pursue, or defend any common interest. Considering the petition in the light most favorable to Noble, the non-movant, the petition supports the opposite conclusion: Kjeldgaard and Gibson had opposing interests. Noble alleges: "Dr. Gibson, advised Noble that Dr. Kjeldgaard **demanded** that he terminate Noble for anesthesia services and **insisted** that he instead utilize" USAP. (Emphasis added.) Further, the petition states: Within weeks thereafter[,] Dr. Gibson[] **capitulated** to Dr. Kjeldgaard's **demands**, and withdrew all anesthesia services from Noble effective as of January 1, 2017. . . . But for the interference by Dr. Kjeldgaard and the other Defendants [sic] illegal kickback scheme[,] Noble would not have been terminated by Dr. Gibson." (Emphasis added.) The language in Noble's petition indicates Gibson capitulated to Kjeldgaard's demands and only terminated his relationship with Noble because Kjeldgaard insisted he do so. But for Kjeldgaard's demands and insistence, Gibson would not have capitulated, and the

relationship between Gibson and Noble would have continued. These allegations do not show individuals joining together for a common purpose. *See id.*

We conclude Trinity did not meet its burden to demonstrate by a preponderance of the evidence that Noble's legal action is based on, relates to, or is in response to Trinity's exercise of its right of association. We sustain Noble's first issue to this extent.

USAP joined Trinity's motion and did not provide any additional evidence or argument to show that Noble's legal action is based on, relates to, or is in response to USAP's exercise of its right of association. Trinity's motion did not identify any communication involving USAP; USAP also failed to identify any communication. Rather, USAP's motion states: "Noble's Original Petition does not make a single allegation of any act by—or statement of—the USAP Parties to support its sole cause of action for tortious interference." Subsequently, while arguing that Noble could not prove tortious interference against USAP, USAP's motion states: "Noble's petition alleges only statements made by Dr. Kjeldgaard and his spouse, and points to no acts or statements by any of the USAP Parties whatsoever."[3] USAP was required to show the existence of a communication to meet its burden under section 27.001(2). *See id.* (defining exercise of the right of association). Because it failed to do so—and instead specifically disavowed the existence of any acts or statements by USAP in Noble's petition—we conclude USAP did not meet its burden to demonstrate by a preponderance of the evidence that Noble's legal action is based on, relates

---

[3] In the "USAP Parties' Response to Plaintiff's Motion for Leave to Pursue Limited Discovery from the USAP Defendants", USAP continued representing to the trial court that Noble did not allege any statements by USAP and, therefore, did not allege any statements subject to the TCPA. USAP's response states in part:

> Plaintiff argues that it needs the Challenged Discovery to "determine what speech and/or association the USAP [Parties] claims [sic] as protected." This is a red-herring. Plaintiff's Petition does not allege any statements made by the USAP Parties, and the USAP Parties' [sic] have, therefore, not argued that any statements by them are the subject of the Anti-SLAAP motions. Rather, it is the Trinity Defendants that claim to have made protected statements and to have a right of free association. Discovery into statements or actions of the USAP Parties is plainly irrelevant to an inquiry into the Trinity Defendants' rights.

(Internal citation omitted.)

to, or is in response to USAP's exercise of its right of association. We sustain Noble's third issue to this extent.

To the extent Noble's first and third issues argue Noble established by clear and specific evidence a prima facie case for each essential element of its tortious interference claim and the appellees failed to establish a valid defense, we do not reach those arguments. *See* TEX. R. APP. P. 47.1.

In its second and fourth issues, Noble argues the trial court erred by awarding attorney's fees and costs to Trinity and USAP. We agree. If a court orders dismissal of a legal action under the TCPA, the court shall award "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). The availability of fees and costs awarded to Trinity and USAP were statutorily dependent upon the dismissal of Noble's suit against them. *See id.* Because we conclude Trinity and USAP did not meet their burden under the TCPA and, therefore, the trial court erred by granting their motions to dismiss, we also conclude the award of attorney's fees and costs are in error. We sustain Noble's second and fourth issues.

In its fifth issue, Noble asserts the trial court erred by not granting its request for attorney's fees because Trinity's and USAP's motions to dismiss were frivolous or solely intended to cause delay. The trial court may award costs and reasonable attorney's fees to the responding party if the court concludes the motion to dismiss is frivolous or solely intended to delay. *See id.* § 27.009(b). Because Noble did not prevail in the trial court, the court did not have an opportunity to consider whether the motions to dismiss were frivolous or solely intended to delay. The results obtained by the parties have changed as a result of our opinion; thus, the issue of whether the motions to dismiss were frivolous or solely intended to delay must be remanded to the trial court for its consideration.

CONCLUSION

We reverse the trial court's orders granting Trinity's and USAP's motions to dismiss. We reverse the trial court's orders awarding attorney's fees and costs to Trinity and USAP. We remand the case to the trial court for further proceedings.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180768F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NOBLE ANESTHESIA PARTNERS,
PLLC, Appellant

No. 05-18-00768-CV      V.

U.S. ANESTHESIA PARTNERS, INC.,
U.S. ANESTHESIA PARTNERS OF
TEXAS, P.A., INDIVIDUALLY, AND/OR
D/B/A USAP-TEXAS, AND/OR D/B/A
VITAL PAIN CARE, U.S.A.P., LLC,
PINNACLE ANESTHESIA TEXAS,
PLLC, TRINITY ORTHOPEDICS, PLLC,
LARRY KJELDGAARD, D.O., Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-09602.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's orders dated January 31, 2018 and February 2, 2018, granting the motions to dismiss filed by appellees Trinity Orthopedics, PLLC, Larry Kjeldgaard, D.O., U.S. Anesthesia Partners, Inc., U.S. Anesthesia Partners of Texas, P.A., U.S.A.P., LLC, Pinnacle Anesthesia Consultants, PLLC, and Pinnacle Anesthesia Texas, PLLC.

We also **REVERSE** the trial court's orders dated June 15, 2018, awarding attorney's fees to appellees.

We **REMAND** the cause to the trial court for further proceedings.

It is **ORDERED** that appellant Noble Anesthesia Partners, PLLC recover its costs of this appeal from appellees.

Judgment entered this 9th day of July, 2019.